UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARRELL WILLIAMS,

    Petitioner,

v.                                          Case No. 5:07-cv-470-Oc-31KRS

WARDEN, FCC COLEMAN - MEDIUM, et al.,

    Respondents.

## ORDER DISMISSING PETITION

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is currently in the custody of the Bureau of Prisons (BOP) pursuant to a conviction and sentence imposed in the Orlando Division of this Court. Petitioner is now proceeding on an Amended Petition (Doc. 6), in which Petitioner challenges the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program payment schedule. The Court finds the petition is due to be dismissed with prejudice prior to service. See Habeas Rule 4 ("it plainly appears from the petition . . . that the petitioner is not entitled to relief...,").

The instant Petition concerns Petitioner's participation in the Inmate Financial Responsibility Program ("IFRP"), under which the Bureau of Prisons helps inmates develop a financial plan in order to meet such financial obligations. See 28 C.F.R. § 545.10. Although the IFRP is voluntary, there are consequences for an inmate's

refusal to participate in the program such as the inability to receive extra pay, inability to be assigned to certain work details, lower housing status, and limitations on other privileges. See id. § 545.11(d). The Court notes that the Eleventh Circuit has held that the IFRP is a voluntary program, and because the benefits of the IFRP are not constitutionally guaranteed, a claim challenging the BOP's implementation of the IFRP is not cognizable under § 2241.[1]

To the extent Petitioner challenges his conviction and sentence, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Petitioner was denied relief under 28 U.S.C. § 2255.[2] Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..." To the extent that the Petition may be liberally construed as suggesting that Petitioner is entitled to relief under the § 2255 "savings clause,"[3] his arguments are unavailing. Petitioner has identified no applicable Supreme Court decision that would open the door to relief under the savings clause.

Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 6) is **DISMISSED** with prejudice. The Clerk is directed to enter judgment dismissing the Petition, terminate

---

[1] See United States v. Warmus, 2005 WL 2293465 (11th Cir. 2005) (unpublished). Although unpublished opinions are not binding on this Court, they are persuasive authority. See 11th Cir. R. 36-2.

[2] See Doc. 6, Petition, pg. 2; Williams v. USA, case no. 6:02-cv-1097-Orl-KRS

[3] The § 2255 savings clause permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 29th day of October 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

c: Darrell Williams